UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23 CR 293 HEA/JSD |
| | ) |
| BRANDON BOSLEY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS OBTAINED VIA PLEA NEGOTIATIONS

Defendant, BRANDON BOSLEY, through counsel, Diane L. Dragan, moves the Court to suppress evidence and statements made in connection with plea negotiations, pursuant to Fed.R.Crim.P. 11(f) and Fed.R.Evid. 410.

Rule 410 provides that a statement made during plea discussions with an attorney for the prosecuting attorney is inadmissible if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea. The Eighth Circuit has construed this rule's protections to include "conversations with a government agent who has the 'express authority to act for the prosecuting government attorney,' even if the government attorney is not present at the time of the conversation." *United States v. McCauley*, 715 F.3d 1119, 1125 (8th Cir. 2013) (citing *United States v. Greene*, 995 F.2d 793, 799 (8th Cir. 1993); *United States v. Millard*, 139 F.3d 1200, 1205-06 (8th Cir. 1998)). The government agent's actual authority may be express or implied. *Id.* at 1126. In deciding whether a statement is made during the course of plea discussions, courts consider the totality of the

circumstances, including whether a specific plea offer was made, a deadline to plead was imposed, an offer to drop charges was made, discussions of the Sentencing Guidelines occurred, or a defense attorney was retained. *Id.* (citing *United States v. Morgan*, 91 F.3d 1193, 1195 (8th Cir. 1996)).The purpose behind the rule protecting statements made in the course of plea discussions is to promote active plea negotiations and frank discussions during such negotiations. *United States v. Grant*, 622 F.2d 308, 312 (8th Cir. 1980). The Eighth Circuit has recognized that plea negotiations can take place in the pre-indictment phase. *Id.* at 315, 317.

Mr. Bosley met with FBI agents on March 10, 2023, at the office of his attorney, Paul Sims. Assistant U.S. Attorney Hal Goldsmith was present at the meeting. On May 5, 2023, Mr. Bosley met a second time with FBI agents at the St. Louis Field Office. Again, Mr. Bosley's attorney, Paul Sims, and AUSA Goldsmith were present. At this meeting, Mr. Bosley signed a proffer agreement in the presence of his attorney. Although the government did not file an indictment against Mr. Bosley until June 7, 2023, the substance of both discussions with FBI agents and AUSA Goldsmith made it clear that the government planned to indict Mr. Bosley for a federal offense. Further, at both meetings, the prosecutor discussed the potential charges with Mr. Bosley and Mr. Sims. Finally, Mr. Bosley had retained counsel, who was present at both meetings. Under these circumstances, the meetings constituted plea discussions within the meaning of Rule 401. Consequently, the statements must be suppressed.

WHEREFORE, Mr. Bosley respectfully moves the Court to suppress all statements made during plea discussions on March 10 and May 5 of 2023, pursuant to Fed.R.Evid.

401, and for such other relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            /s/ Diane L. Dragan
                                            DIANE L. DRAGAN 73591MO
                                            131 Prospect Ave. Ste A
                                            Kirkwood, Missouri 63122
                                            Telephone: 314-788-7323
                                            E-Mail: Diane@Draganlawfirm.com
                                            Attorney for Defendant

## CERTIFICATE OF SERVICE

Counsel Diane L. Dragan certifies that the forgoing was filed electronically via the Court's electronic filing system and served via the same upon AUSA Hal Goldsmith.

Dated April 8, 2024.

                                            /s/ Diane Dragan
                                            Attorney for Defendant