UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CR-00293-HEA |
| | ) | |
| BRANDON BOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SECOND MOTION IN LIMINE

COMES NOW the United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District, and submits this Second Motion in Limine, and states to this Honorable Court as follows:

1. Defendant is charged by Superseding Indictment with 4 counts of Wire Fraud, all related to his scheme to defraud an insurance company in connection with his submission of false repair estimates on his insurance claim. The Superseding Indictment specifically delineates the period of Defendant's scheme to defraud as occurring from February 9, 2022 to April 12, 2022, just over 2 months. The Superseding Indictment alleges, and the evidence clearly reflects that *Defendant personally initiated the scheme* on February 10, 2022 by requesting the false repair estimate from an individual then cooperating with the Government, "John Doe." Defendant is also charged in the Superseding Indictment with making False Statements to the FBI on March 10, 2023 specifically relating to the facts and circumstances underlying the pending insurance fraud scheme. Defendant's insurance fraud scheme was unconnected and unrelated to any other law enforcement investigations.

1

2.  During the discovery phase of this case, Defendant suggested a purported entrapment defense to the pending charges, without any basis or support in the evidence and record.  As the Grand Jury found, and as the Superseding Indictment clearly states, *Defendant* initiated the charged scheme to defraud on February 10, 2022, when he offered a bribe to a cooperating witness in exchange for a falsely inflated automobile repair estimate.  "…mark that motherfucker all the way up, see what it is we can do, I'll throw you a few thousand dollars, and fuck that insurance company." (Superseding Indictment at paragraphs 7 and 8).  As stated during the discovery phase of this case, the United States is unaware of any discussions between Defendant and the cooperating individual concerning the charged insurance fraud scheme prior to the several conversations initiated by Defendant on February 9 and 10, 2022, some of which are excerpted in the Superseding Indictment, and all of which have previously been produced to Defendant.  Pursuant to a prior Order in this case, the United States also produced a significant volume of other discovery to Defendant, totally unrelated to the pending charges.  While Defendant has received voluminous discovery in this case, Defendant has not and cannot point this Court to any evidence which in any way whatsoever might support Defendant's purported entrapment defense in this case.  There is no question but that Defendant was predisposed to committing the offenses charged here, and in fact all of the evidence supports a finding that Defendant initiated each of the charged offenses.

3.  "Entrapment is an affirmative defense which consists of two elements: Government action to induce or otherwise cause the Defendant to commit the crime, and the Defendant's lack of predisposition to commit the crime." *United States v. Pfeffer*, 901 F.2d 654, 656 (8th Cir. 1990), as cited at page 704 of the Eighth Circuit Manual of Model Jury Instructions, 2023 edition.  "The Government is not required to prove predisposition unless there is evidence of

Government inducement to commit *the offense*. To show inducement, there must be evidence of Government conduct creating 'a substantial risk that an undisposed person…would commit *the offense*." *United States v. Loftus*, 992 F.2d 798 (8th Cir. 1993)(emphasis added), as cited at page 704 of the Eighth Circuit Manual of Model Jury Instructions, 2023 edition. As the Grand Jury found, and as the Superseding Indictment clearly states, the charged insurance fraud scheme was initiated *by Defendant* on February 10, 2022, with absolutely no inducement whatsoever by the Government and/or the Government's cooperating witness.

4.      Because there is no evidence that the Defendant was induced by the Government to commit the charged offenses, and because Defendant cannot meet his burden to offer any proof in order to establish the affirmative defense of entrapment, this Court should make a pretrial finding prohibiting Defendant from raising the issue of entrapment before the jury during the trial of this case. Such prohibition should encompass *voir dire*, opening statement, the questioning of witnesses on both cross examination and direct examination, and closing argument. Allowing Defendant to raise the issue of entrapment during trial, with no basis and no supporting proof, would lead to substantial confusion on the part of the jury and interfere with the due administration of justice in this case.

WHEREFORE, the United States respectfully requests this Honorable Court enter its Order prohibiting Defendant and his counsel from any reference to a purported entrapment

defense during the trial of this case, and for such other relief as this Court deems just and proper under the circumstances.

                Respectfully submitted,

                THOMAS C. ALBUS
                United States Attorney

                */s/ Hal Goldsmith*
                HAL GOLDSMITH, #32984(MO)
                Assistant United States Attorney
                111 South Tenth Street, 20th Floor
                Saint Louis, Missouri  63102
                Hal.Goldsmith@usdoj.gov
                Telephone: (314) 539-2200
                Facsimile: (314) 539-3887

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Attorneys of record.

                */s/ Hal Goldsmith*
                HAL GOLDSMITH, #32984MO
                Assistant United States Attorney